**[J-30-2017] [MO: Saylor, C.J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| STEVEN KONYK, | : No. 11 MAP 2016 |
| | : |
| Appellant | : Appeal from the Order of the |
| | : Commonwealth Court at No. 538 MD |
| | : 2014 dated January 12, 2016 |
| v. | : |
| | : SUBMITTED: March 27, 2017 |
| | : |
| THE PENNSYLVANIA STATE POLICE | : |
| OF THE COMMONWEALTH OF | : |
| PENNSYLVANIA, | : |
| | : |
| Appellee | : |

## CONCURRING AND DISSENTING OPINION

**JUSTICE DONOHUE**                                    **DECIDED: April 26, 2018**

I join Justice Wecht's well-reasoned Concurring and Dissenting Opinion in full. I write separately to indicate that if the decision of the Commonwealth Court were to be reversed, as Justice Wecht argues persuasively that it should be, upon remand Appellant would be positioned to seek leave to amend his presently pending petition for review in the Commonwealth Court to assert a claim for relief pursuant to this Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). In *Muniz*, this Court held that SORNA's registration provisions constitute punishment and may not be applied retroactively. *Id.* at 1193 (finding that retroactive application of SORNA violates the ex post facto clause of the Pennsylvania Constitution). In light of *Muniz*, a sex offender who negotiated a plea agreement, in federal or state court, or who would otherwise be subject to Megan's Law III, now has a straightforward constitutional claim that he or she may not

be subjected to SORNA's more onerous registration requirements. *See Muniz*, 164 A.3d at 1193.

In accordance with Rule 1033 of the Pennsylvania Rules of Civil Procedure, leave to amend should be liberally granted and should not be withheld where there is a reasonable possibility that amendment can be accomplished successfully, absent some prejudice to an adverse party. *Morrison Informatics, Inc. v. Members 1st Fed. Credit Union*, 139 A.3d 1241, 1245 (Pa. 2016); *Bata v. Central-Penn Nat. Bank of Phila.* 224 A.2d 174, 182 (Pa. 1966). In my view, given the clarity of our decision in *Muniz*, amendment could be successfully accomplished and would afford Appellant the relief he now seeks. I note that even the Majority recognizes the possibility for federal plea bargain defendants to seek relief pursuant to *Muniz. See* Majority Op. at 12 n.9. There would also be little or no prejudice to the PSP, as although Appellant has not yet asserted a claim based upon *Muniz* in the present action, the arguments in his original brief filed with this Court make plain that he is seeking the same kind of relief (based on a remarkably similar theory) to which he is now entitled in light of *Muniz*, namely, an order barring the PSP from retroactively applying SORNA. *See* Konyk's Brief at 27 (urging that "application of SORNA to [him] materially undermines his bargain and subjects him to severe conditions that he did not bargain for").